## STATE, use of MARTHA ANN MANNING, *vs.* ALLEN BAKER and others.

The accounts of a guardian settled with the orphans court are but *prima facie* evidence of their correctness.

Where the orphans court appoints a person guardian, expressly upon the ground that he agreed not to receive any allowance for the support of the ward, such appointment operates as a binding contract between the appointee and the court acting for the minor, which the latter may claim the benefit of by an action on the guardian's bond; the court in such case stands *in loco parentis* to the infant.

A prayer, that from the pleadings and evidence the plaintiff is entitled to recover a certain sum appearing by his account to have been allowed to a guardian, is defective in taking from the jury the finding of the truth of the facts set out in it.

APPEAL from the Circuit Court for Carroll county.

*Debt* on a guardian's bond in the name of the State, for the use of Martha Ann Manning, the former ward, against Allen Baker, the guardian, and his sureties.

The plaintiff *declared* upon the bond generally, and the defendant *pleaded* general performance. The breach assigned in the *replication* was, that the guardian had received the sum of $116.83 for the use of his ward, which he failed to pay over to her when she arrived at the full age of twenty-one, to wit, on the 1st of January 1850. The defendant *rejoined* that he had settled an account as guardian in the orphans court on the 4th of January 1842, in which he had charged himself with the said sum of $116.83, (it being all the property or estate of his ward that he had ever received,) and claimed a credit for $112.26 for the board, clothing, tuition, support and maintenance of his ward, which the orphans court allowed, as well as the further sums of $2.55 register's fees, and $2.02 guardian's commissions, which several credits amounted to the said sum of $116.83. The plaintiff *surrejoined* that this account was fraudulent and false, and that the several allowances so made by the orphans court were unjust and improper, and ought not to be allowed. Upon this surrejoinder issue was joined.

*Exception.* The plaintiff offered in evidence the guardian's bond, showing that he became such guardian on the 6th of November 1835, and the account settled by him in the orphans court, referred to in the pleadings, containing the credit for $112.26 for the board, &c., of said Martha, from the 20th of November 1834 to the 1st of January 1842; and then offered to prove by Jesse Manning, that he was the uncle of Martha, the ward; that in November 1835, witness was present with defendant in the orphans court, and then and there stated to said court that he (the witness) was willing to become the guardian of Martha, and support, maintain, educate and clothe her without receiving any compensation therefor, until she should attain her majority, and to receive and take care of her money and property until such time and not charge any thing therefor, and claimed to be appointed such guardian. That

defendant thereupon agreed with witness and the judges of said court, that if witness would waive his claim to be appointed guardian, he (defendant) would agree to become such guardian, and would board, clothe, educate, support and maintain said Martha until she should attain her full legal majority, without making any charge or receiving any compensation therefor; that he would do it gratuitously, and would also take care of her money and property until her majority and make no charge therefor in any manner whatever, and account to her when she attained majority for the full amount thereof, principal and interest, without any deduction therefrom, either for his own trouble or for her board, clothing, tuition, support and maintenance; that he stated he was without any children of his own and was very anxious to be allowed to take said Martha and have the care, support and maintenance of her for his own pleasure and gratification. That in consequence of these assurances and declarations of the defendant, witness then and there agreed with defendant to waive his claim to be appointed guardian, and agreed to the appointment of the defendant. That in consequence of this agreement the court appointed the defendant guardian of said Martha, and at the time of said appointment it was expressly agreed and understood by defendant and witness, and the judges of the court, that defendant was appointed upon the understanding and agreement that he was not to charge or receive any compensation whatever for the board, clothing, tuition, support and maintenance of said Martha at any time whatever until she should become of age as aforesaid, and that he would take care of her money and property and make no charge therefor, and would pay over the same with the interest and increase thereof to her on attaining majority. That after his appointment defendant repeatedly made declarations to the same effect, viz., that his appointment was made by the court upon the understanding and agreement aforesaid. That the judges of the orphans court on the 4th of January 1842, (when the guardian's account was settled,) were not the same persons who were such at the time the appointment was made. That when the appointment was made it was expressly understood

State, use of Manning, *vs.* Baker, *et al.*

and agreed between witness, the judges of the court and the defendant, that the conditions, understandings and agreements under which he was appointed should be entered upon the records of the court and be made part of the record attesting and accompanying his appointment. To the admissibility of this evidence the defendant objected, which objection the court (NELSON, J.,) sustained, and to this ruling the plaintiff excepted.

*2nd Exception.* It was then admitted that defendant was appointed guardian of said Martha on the 6th of November 1835. The plaintiff then prayed the court to instruct the jury, that upon the pleadings and evidence in the case the plaintiff is entitled to recover the sum which appears from the evidence was allowed by the orphans court to defendant for the board, clothing, tuition, support and maintenance of said Martha from the 20th of November 1834, to the 6th of November 1835. The court rejected this prayer, and instructed the jury that the plaintiff was not entitled upon the pleadings and evidence in this case to recover any amount whatever. To this ruling the plaintiff excepted, and the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*William P. Maulsby* for the appellant, argued :

1st. The issue presented by the pleadings in this case is, whether the guardian's account settled in the orphans court was fraudulent or not? It is well established that such accounts are only *prima facie* evidence of their correctness; they are still open for examination. 3 *H. & J.,* 251, *Spedden vs. The State.* The evidence offered clearly tended to prove this issue. It shows that the appellee obtained this guardianship upon the express understanding and agreement that he was to charge nothing for the ward's board, tuition, support and maintenance. This contract was clearly binding upon him and was founded upon a sufficient consideration. 10 *G. & J.,* 278, *Stockett vs. Jones.* The further fact appeared from the

pleadings and evidence, that the ward did not attain her majority until 1850, and the account being settled so soon after the appointment in 1835, and so long before the ward would attain her majority, was a circumstance to go with the evidence offered to the jury. 7 *H. & J.*, 36, *Davis vs. Davis.* 7 *G. & J.*, 20, *Cole vs. Hebb.* Fraud cannot be proved by direct testimony, but any fact, however slight, bearing at all upon the point at issue may be admitted as evidence. 5 *G. & J.*, 269, *Davis vs. Calvert.*

2nd. That the court invaded the province of the jury in its instruction given in the second exception, that the plaintiff could not recover at all in the action. Again, a guardian cannot be allowed for support and maintenance of his ward *previous* to his appointment as guardian, as the account in this case shows was done.

*Joseph M. Palmer* for the appellee, argued :

1st. That the guardian's account is *prima facie* correct, and the burden of showing the allowance to be incorrect is on the party assailing it. The evidence of Jesse Manning, as offered to the jury, was clearly inadmissible to prove the issues in the case as irrelevant. No evidence is admissible except it be pertinent to the issues made by the pleadings. 4 *H. & J.*, 315, *Benson vs. Anderson.* 2 *H. & G.*, 175, *Mitchell vs. Dall. Ibid.*, 182, *Ferguson vs. Tucker. Ibid.*, 82, *Birckhead vs. Saunders.* 5 *H. & J.*, 448, *Law vs. Scott.* 5 *G. & J.*, 269, *Davis vs. Calvert.* 8 *G. & J.*, 111, *Clarke vs. State, use of Darnall. Ibid.*, 248, *Steam·Navigation Co. vs. Dandridge.* 1 *Phillips on Ev.*, 169.

2nd. The pretended contract or agreement entered into between the guardian and Manning, the witness, in the presence of the orphans court, was properly rejected, as it was a mere private contract between those two individuals, which could in no way affect the rights of guardian and ward, and could not properly be noticed by the orphans court in making the settlement with and allowance to the guardian. If Manning was injured by this private contract with Baker, he has his remedy for the breach of that contract in a court of law.

Again, there is no *consideration* for the promise attempted to be set up. It was simply an agreement between Baker and Manning, that the one would give up his right if the other would agree to charge nothing for his guardianship.

3rd. The ruling in the second exception is clearly correct, as there is *not one particle* of evidence to justify the court in granting the plaintiff's prayer, and therefore it was properly rejected.

Le Grand, C. J., delivered the opinion of this court.

We are of opinion that the court below erred in refusing to allow the evidence offered by the plaintiff to be given to the jury. There can be no doubt, and it was not questioned in the argument, that the accounts of a guardian settled in the orphans court are but *prima facie* evidence of their correctness. The testimony proposed to sustain the case of the plaintiff had for its object the falsification of the accounts settled by the guardian, by showing that he was appointed such expressly on the ground that he was not to receive any allowance for tuition, board, &c., &c.

We think such a contract binding. Such an appointment of guardian operates as a contract between the person applying for the trust and the orphans court acting for the minor, which the latter may claim the benefit of in the manner sought here; the orphans court in such a case stands *in loco parentis* to the infant. It is not, as was supposed by counsel, like the case of the allowance of commissions to an executor. In the case of *McKim & Marriott, vs. Duncan, et al.*, 4 *Gill*, 72, the Court of Appeals held, it was not competent to a testator to deprive his executor of his commissions by anything he might put in his will. That decision, however, was based on the peculiar language of the act of 1798, chapter 101, which provides, that the commissions of an executor shall be, at the discretion of the court, *not under* five nor exceeding ten *per centum*. The law commands an allowance to a certain amount, and it is not within the power of either court or testator to defeat it. The case before us, although not precisely the same in principle, is somewhat analogous to that of *Stockett*

7    v.8

vs. Jones, 10 Gill & Johns., 278. There the court gave efficacy to what they considered an understanding between brother and sister, that the former should make no charge for the board of his sister. The proof in that case was not near as strong as the evidence offered in this.

These observations dispose of the question presented by the first bill of exceptions.

The court having refused to allow the evidence mentioned in the first exception to be given to the jury, there was of course nothing to justify the granting of the prayer contained in the second exception. Even had the testimony been in the case the prayer ought not to have been granted, inasmuch as by its form it took away from the jury the finding of the truth of the facts set out in it.

*Judgment reversed and procedendo awarded.*